**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Troy Lynn McDorman, | No. CV-14-00858-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Petitioner Troy Lynn McDorman, in a carefully-researched and well-written *pro se* objection to Magistrate Judge Michelle Burns's report and recommendation (R&R), asks this Court to grant habeas relief. For the reasons set forth below, the Court will deny his request and adopt Judge Burns's recommendation that the petition be dismissed.

**I.    Background.**

In February 2005, at the direction of a police detective, Petitioner's son Adrian recorded a telephone call with Petitioner. In the call, Petitioner admitted to performing sexual acts on Adrian when Adrian was a juvenile, but denied performing sexual acts on Adrian's brother, Keith. Judge Burns provided the following summary:

> Excerpts from that recorded call included Adrian asking Petitioner, "Did you ever try to touch Keith ever?" Petitioner replied, "No," and asked, "Why?" Adrian told Petitioner, "I think he knows that you touched me . . . I think he knows for sure." Adrian then told Petitioner that Keith had told him that Petitioner tried to give Keith a "blowjob" once before. When Petitioner denied this accusation, Adrian asked, "so it's only been to me?" Petitioner replied, "Hm-hmm [affirmative response]." Adrian then asked, "Did you ever jerk him off ever?" When Petitioner again said no, Adrian asked, "Just me?" To this, Petitioner replied, "Yep."

> Adrian then asked Petitioner, "Is there ever really a big reason me and you did it?" Petitioner responded, "I don't know Adrian . . . I don't know. Shit happens." Petitioner continued: "It's been bugging me for years. . . . Once it first happened it's like, now what, we're stuck." Petitioner later stated "It's been a living hell for me. I know I'm sure it has been for you too. . . . I was worried about it." When Adrian stated that he was only 12 years old when "it first started," Petitioner acknowledged that it was "somewhere around there."

Doc. 23 at 2-3 (citations omitted, bracket added by Judge Burns). Petitioner was subsequently arrested and charged with several counts of child molestation and sexual conduct with a minor.

Petitioner's trial was held in Maricopa County Superior Court in November 2005, and the jury heard a recording of Petitioner's phone call with Adrian. The jury found Petitioner guilty of one count of molestation of a child and two counts of sexual conduct with a minor involving Adrian, and acquitted him on the one count involving Keith. The trial court sentenced Petitioner to the presumptive term of incarceration for each of the three counts and ordered that he serve the three counts consecutively, resulting in a 57-year sentence. The Arizona Court of Appeals affirmed the conviction and the sentence in November 2007. The Arizona Supreme Court denied Petitioner's petition for review in September 2008.

Petitioner filed two post-conviction review petitions in Maricopa County Superior Court, alleging prosecutorial misconduct and ineffective assistance of counsel. The trial court denied the petitions without an evidentiary hearing, the Arizona Court of Appeals summarily affirmed, and the Arizona Supreme Court denied review.

In April 2014, Petitioner filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, alleging four grounds for relief under the Fourteenth Amendment's Due Process Clause. Ground 1 asserted prosecutorial miscount, Ground 3 asserted ineffective assistance of counsel, and Grounds 2 and 4 asserted that the state unconstitutionally deprived Petitioner of evidentiary hearings on Grounds 1 and 3. Judge Burns found that Grounds 2, 4, and part of 1 were procedurally defaulted, the remaining claims were meritless, and recommended that the petition be denied. Doc. 23.

**II.   Standard of Review.**

A party may file specific written objections to the R&R's proposed findings and recommendations. The Court must undertake de novo review of those portions of the R&R to which specific objections are made. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Court is not required to undertake de novo review of portions of the R&R to which no party specifically objects. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**III.   Analysis.**

Petitioner filed specific written objections. Doc. 29. He concedes that relief cannot be granted on Grounds 1 and 2 for reasons stated in the R&R, but argues that Judge Burns erred in recommending denial of Grounds 3 and 4. *Id.* at 3-4, 14.

**A.   Ground 3.**

Judge Burns offered the following explanation for her recommendation that the Court reject Ground 3 on the merits:

> Although Petitioner spends the entirety of Ground Three listing counsels' alleged errors . . . Petitioner has failed to provide any evidence or factual support to substantiate his claims. Thus, Petitioner's claims constitute speculation, which is insufficient to establish deficient performance and resulting prejudice under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]. . . . [E]ven if the Court were to assume Petitioner has shown deficient performance, he simply cannot show that he suffered resulting prejudice . . . This case involved overwhelming evidence of Petitioner's guilt – consisting of an admission to the conduct alleged in the charged offenses during a confrontation call.

Doc. 23 at 15-16.

Petitioner's objection continues to assert that his trial counsel provided deficient performance. *See* Doc. 29 at 14-19. He also objects to Judge Burns's conclusion that the alleged deficiencies were non-prejudicial. *See id.* at 17-18 (contending that "there is a reasonable probability that the result of the trial would have been different if the jury had been made aware" of evidence tending to impeach Adrian). Because Petitioner

specifically objects to this conclusion, the Court will review it *de novo*.

To establish a claim for ineffective assistance of counsel, a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) prejudice – a "reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 688, 695. Even if Petitioner could satisfy the first part of the *Stickland* test, he could not establish prejudice. Petitioner clearly admitted in the recorded call with Adrian that he engaged in child molestation and sexual conduct with a minor. *See* Doc. 23 at 2. The recording was played for the jury. Petitioner does not argue that the call was inadmissible, and his ineffective assistance arguments do not relate to the recording or how it was presented at trial. Petitioner's arguments focus primarily on his trial counsel's failure to take steps that would have impeached the credibility of Adrian. He argues that his counsel failed to: call witnesses about Adrian's bias and motives; obtain documents from Adrian's adoption file; request a Rule 404(b) hearing on Adrian's prior conduct; ask Petitioner details about Adrian's bias, motives, and prior conduct; inquire into whether Adrian was receiving favorable treatment from the prosecutor; cross-examine Adrian effectively; and mention inconsistencies in Adrian's statements during closing arguments. Doc. 29 at 14-15. But the jurors did not need to rely on Adrian's testimony to find Petitioner guilty. They had Petitioner's recorded admission not only that he molested Adrian starting around age 12, but that it had been a "living hell" for Petitioner and, he was sure, for Adrian. Doc. 23 at 2-3. This evidence established Petitioner's guilt so conclusively that the alleged deficiencies of counsel would not have made a difference in the outcome of the trial. Petitioner has failed to show prejudice as required by *Strickland*, and Ground 3 will be denied.

### B.  Ground Four.

Judge Burns offered the following explanation for her recommendation that the Court reject Ground Four as procedurally defaulted:

> The record demonstrates that Petitioner raised these claims for the first time on appellate review, and never raised any of these claims to the state [trial]

court in his PCR petitions.  Consequently, these claims were not fully and fairly presented to state courts.  Failure to fairly present . . . [Ground] Four has resulted in procedural default . . . .

Doc. 23 at 10 (citations omitted).

Petitioner argues that Judge Burns misunderstood Ground Four as an objection to the trial court's failure to conduct an evidentiary hearing, when it actually is an objection to the lack of such a hearing in the post-conviction proceeding.  Doc. 29 at 8.  Petitioner contends that Ground Four was not procedurally defaulted because it was presented to the first court able to hear it – the Arizona Court of Appeals, which provided direct review of the post-conviction proceeding.  *Id.* at 8-9.

Although Petitioner is correct that Ground Four (as characterized in his objection) is not procedurally defaulted, it fails nonetheless.  "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Cooper v. Neven*, 641 F.3d 322, 331 (9th Cir. 2011) (citing *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam)).  To the extent Ground Four asks this Court to grant habeas relief on the basis of the post-conviction trial court's decision to forgo an evidentiary hearing, *see* Doc. 29 at 6-7, it must be denied.

Ground Four also asks this Court to conduct its own evidentiary hearing on Petitioner's *Strickland* claim.  *See* Doc 29 at 10-11.  To demonstrate entitlement to an evidentiary hearing, Petitioner must show that the allegations in his petition would, if proven, entitle him to relief.  *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001).  Petitioner cannot make this showing.  Even if all of Petitioner's factual allegations about the ineffectiveness of his trial counsel are accepted, his *Strickland* claim still fails for lack of prejudice.  Petitioner admitted to the charged conduct, and the Court sees no reasonable probability that the alleged failure of counsel to impeach other witnesses would have affected the outcome of trial.  Therefore, Ground Four will be denied.

**IT IS ORDERED:**

1. Magistrate Judge Michelle H. Burns's R&R (Doc. 23) is **accepted**.
2. Mr. McDorman's petition for writ of habeas corpus (Doc. 1) is **denied** with

1   prejudice.

2   3.   The Clerk of the Court is directed to **terminate** this action.

3   Dated this 22nd day of October, 2015.

David G. Campbell
United States District Judge